IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ROTISHA SMITH, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 7:16-cv-00572-LSC |
| STATE FARM FIRE & CASUALTY CO., | ) |
| Defendant. | ) |

### Memorandum of Opinion

Plaintiffs Rotisha Smith ("Smith") and Blackbelt Construction, LLC ("Blackbelt") (collectively "Plaintiffs") filed this action against State Farm Fire and Casualty Company ("State Farm") alleging breach of contract, bad faith failure to pay, fraud, negligence, and wantonness. Before the Court is State Farm's Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' negligence and wantonness claims. (Doc. 2.) For the reasons stated below, State Farm's motion to dismiss (Doc. 2) is due to be granted in part and denied in part.

## I. Background[1]

This case arises out of State Farm's failure to pay Smith and Blackbelt after Smith's home and personal property were damaged. Smith held a homeowner's insurance policy with State Farm and she submitted a claim for payment for her losses. Around that time, Smith began receiving estimates from construction companies regarding the cost of repairing her home. Blackbelt submitted such an estimate to both Smith and State Farm. State Farm reached out to Blackbelt through its claims adjuster, who told Blackbelt that State Farm would pay Blackbelt the estimate price to repair Smith's home. Blackbelt proceeded with the repair-work and completed it. Only after Blackbelt had finished the repairs did State Farm inform it that State Farm was no longer willing to pay for the repairs. Blackbelt contends that State Farm was negligent and wanton in its dealings with Blackbelt when representing that it would pay for the repairs and then refusing to do so after the repairs had been completed.

## II. Standard of Review

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

---

[1] For purposes of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court treats facts alleged in the complaint as true and construes them in the Plaintiff's favor. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012).

P. 8(a)(2). However, the facts alleged in the complaint must be specific enough that the claim raised is "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is *plausible on its face*.") (internal quotations omitted) (emphasis added). "To be plausible on its face, the claim must contain enough facts that 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pouyeh v. Univ. of Ala. Dep't of Ophthamology*, No. CV-12-BE-4198-S, 2014 WL 2740314, at *3 (N.D. Ala. June 16, 2014) (quoting *Iqbal*, 556 U.S. at 678) (alteration in original). Conclusory statements of law may "provide the framework of a complaint," but the plaintiff is required to support them with "factual allegations." *Iqbal*, 556 U.S. at 679.

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether a plaintiff is entitled to access discovery. *See Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 687). Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*,

556 U.S. at 679. A complaint's factual matter need not be detailed, but it "must . . . raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Nonetheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." *Twombly*, 550 U.S. at 556. This Court considers only "the face of the complaint and attachments thereto" in order to determine whether Plaintiff states a claim for relief. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Generally, the complaint should include "enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001)).

### III. Discussion

State Farm contends that dismissal of Plaintiffs' negligence and wantonness claims is proper because Alabama law does not recognize a claim for negligent or wanton handling of an insurance claim. Smith acknowledges that State Farm's motion to dismiss her negligence and wantonness claims is due to be granted

because those claims arose out of State Farm's handling of her insurance claim. Blackbelt opposes dismissal of its own negligence and wantonness claims against State Farm. The Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims" and it does not "recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704 (Ala. 1995). However, this does not mean that one can never assert a negligence claim in the insurance context. Specifically, "a duty can arise when [a] person volunteers to act on behalf of another. This principle of law applies to insurance agents and insurance companies." *Palomar Ins. Corp. v. Guthrie*, 583 So. 2d 1304, 1306 (Ala. 1991).

Here, the complaint alleges that State Farm told Blackbelt that it would pay Blackbelt to repair Smith's home, thus alleging that State Farm assumed the duty to pay Blackbelt.[2] The complaint goes on to state that State Farm told Blackbelt that it was not going to pay for the repairs, thus alleging a breach of that duty, which caused Blackbelt to incur damages. These allegations are sufficient to state a claim for negligence and wantonness under Fed. R. Civ. P. 8, and Blackbelt's claims are thus not subject to dismissal under Fed. R. Civ. P. 12(b)(6).

---

[2] While State Farm disputes whether it could have paid Blackbelt directly, attaching Smith's insurance policy to its reply brief and citing a provision stating that any loss "shall be paid to the mortgagee and [the insured]," the Court does not construe this provision as precluding State Farm from assuming a duty to pay Blackbelt directly.

## IV. Conclusion

For the reasons stated above, State Farm's motion to dismiss (Doc. 2) is due to be GRANTED as to Smith's negligence and wantonness claims, and DENIED as to Blackbelt's negligence and wantonness claims. A separate Order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON JUNE 6, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

182184