IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ROTISHA SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  7:16-cv-00572-LSC |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF OPINION**

Plaintiffs Rotisha Smith ("Smith") and Blackbelt Construction LLC ("Blackbelt") brought this action against Defendant State Farm Fire and Casualty Company ("State Farm") in Alabama state court, alleging claims for breach of contract, fraud/misrepresentation, and negligence/wantonness. State Farm removed the suit to this Court on April 8, 2016. Before this Court is Smith's Motion to Remand. (Doc. 16.) For the reasons stated herein, the motion is due to be granted.

**I.     BACKGROUND**

The dispute between the parties arises from State Farm's denial of Smith's claim for benefits under a homeowner's insurance policy Smith held with State Farm. As alleged in the complaint, Smith suffered a loss on December 31, 2014,

and hired Blackbelt to perform the necessary repairs on her home. State Farm later concluded that Smith's losses were not covered under the policy and refused to tender payment to Smith or to Blackbelt.

Smith and Blackbelt filed suit against State Farm in the Circuit Court of Tuscaloosa County, Alabama, on February 29, 2016. State Farm exercised its right to remove the action to this Court on April 8, 2016, claiming jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 3–4.) The Notice of Removal alleged that the parties were completely diverse and that the amount in controversy exceeded $75,000. (*Id.* at 4.)

On August 22, 2016, Blackbelt filed a motion to voluntarily dismiss all of its claims against State Farm. (Doc. 13.) This Court granted the motion in an order dated August 29, 2016. (Doc. 15.) On September 25, Smith filed the instant motion to remand, asserting that Blackbelt's voluntary dismissal of its claims had caused the amount in controversy to drop below $75,000.

## II.  Discussion

A defendant may seek to remove an action to federal court if it is one over which the federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, jurisdiction

exists if there is complete diversity between the parties[1] and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Where, as here, the plaintiff's complaint does not specify the amount of damages requested, "the defendant must establish jurisdiction by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

Smith claims in her motion to remand that the amount in controversy has fallen below $75,000 because Blackbelt has dismissed its claims against State Farm and that remand is warranted on this basis. However, a post-removal event like "a subsequent reduction of the amount at issue below jurisdictional levels" may "destroy[] previously existing jurisdiction," but this Court must "*keep* a removed case" in such a situation. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (emphasis in original); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). In this

---

[1] State Farm's notice of removal alleges that Smith and Blackbelt are citizens of Alabama for diversity purposes and that State Farm is a citizen of Illinois for diversity purposes. Because neither Smith nor State Farm asserts that complete diversity does not exist and because this Court finds it appropriate to remand the cause based on the amount in controversy requirement, this Court assumes that the parties are completely diverse.

case, State Farm agrees with Smith that the case should be remanded, but this fact is likewise insufficient to mandate remand. *Millhouse v. Brannen*, No. 7:11-cv-15(HL), 2011 WL 672337, at *1 (M.D. Ga. Feb. 16, 2011) ("A post-removal stipulation [as to the amount in controversy] does not normally divest a federal court of jurisdiction."). Even Smith's assertion that her damages are for less than $75,000 does not, on its own, warrant remand. *Boyd v. Shelton*, No. 1:09-cv-03502-JOF, 2010 WL 1817759, at *2 (N.D. Ga. May 6, 2010) ("[O]nce a case has been removed, post-removal reductions in the amount of damages requested do not generally divest the court of diversity jurisdiction." (citing *Red Cab Co.*, 303 U.S. at 289–90)).

Nonetheless, this Court is obligated to inquire into the issue of its subject matter jurisdiction "whenever it appears that jurisdiction may be lacking." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). It must "assure itself that the case involves the requisite amount in controversy" if jurisdiction is premised on diversity of citizenship. *Id.* When, as here, multiple plaintiffs are joined pursuant to Fed. R. Civ. P. 20, "if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction." *Id.* at 1262; *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566–67 (2005) (holding that federal court may exercise supplemental

jurisdiction over claims of diverse parties if at least one plaintiff satisfies amount in controversy requirement). Because Smith asserts in her motion to remand that "[n]ow that [Blackbelt] has dismissed its claims against [State Farm], the amount in controversy in this case is less than $75,000," this Court questions whether it ever had jurisdiction over this matter. Smith's statement suggests that the amount in controversy requirement was allegedly satisfied by improperly aggregating the claims of both plaintiffs because neither Smith nor State Farm had suffered damages in excess of the jurisdictional amount. A review of the complaint indicates that even though there were initially two plaintiffs in this action, a measure of the amount in controversy included the sum incurred by Smith for the repairs Blackbelt performed on her home. In this manner, Blackbelt's damages were the same as Smith's. The total of Smith's damages, then, as indicated by her own representations to State Farm and to this Court, is insufficient to confer diversity jurisdiction, and this Court believes that it lacks original jurisdiction over this cause. Further, to the extent there is any argument that Blackbelt is owed some damages additional to the cost of the repairs to Smith's home, it is inappropriate to aggregate the damages suffered by both plaintiffs for the purpose of satisfying the jurisdictional amount. Subject matter jurisdiction would nonetheless be lacking.

## III. Conclusion

For the reasons stated above, Smith's Motion to Remand (Doc. 16) is due to be GRANTED and the case REMANDED to the Circuit Court of Tuscaloosa County, Alabama. An Order to this effect will be entered.

**DONE** AND **ORDERED** ON DECEMBER 22, 2016.

                              _____
                              L. SCOTT COOGLER
                              UNITED STATES DISTRICT JUDGE
                                                      186289